**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| In re:<br><br>NO ONE UNDERSTANDS THE CLOUD INC.<br><br>Debtor. | Chapter 7<br><br>Case No. 24-02063-JJG-7A |

**TRUSTEE'S MOTION TO COMPROMISE**
**AND SETTLE ENFORCEMENT OF JUDGMENT ENTERED**
**AGAINST RAYMOND W. CLANAN IN THE AVOIDANCE ACTION**

Joanne B. Friedmeyer, the chapter 7 trustee in this case (the "Trustee"), by counsel, requests entry of an order, pursuant to 11 U.S.C. §§ 105 and 363 and Rule 9019 of the Federal Rules of Bankruptcy Procedure, authorizing a compromise and settlement between the Trustee and Raymond W. Clanan a/k/a Raymond D. Clanan ("Clanan") regarding the judgment entered against Clanan and the pending lien foreclosure action described below on the following grounds:

## I. JURISDICTION

1. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for relief are sections 105 and 363 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II. BACKGROUND

4. The Trustee was appointed the interim trustee of No One Understands the Cloud Inc.'s (the "Debtor") chapter 7 bankruptcy case under 11 U.S.C. § 701 on April 23, 2024 in Case

No. 24-02063-JJG-7A (the "Bankruptcy Case"). In accordance with 11 U.S.C. § 702(d), the Trustee became the permanent trustee following the meeting of creditors held under Bankruptcy Rule 2003 and 11 U.S.C. § 341(a).

5. The Trustee was awarded a judgment in her favor against Clanan on April 28, 2025 in the United States Bankruptcy Court for the Southern District of Indiana, Case No. 24-50131 (the "Adversary Case"), in the total amount of $113,516.69 (the "Judgment").

6. The Trustee docketed the Judgment in Johnson County, Indiana by filing it in the Johnson Circuit Court on April 30, 2025, Cause No. 41C01-2504-CB-000034.

7. The Judgment represents a valid and enforceable judgment lien on any real property owned by Clanan in Johnson County, Indiana including the real estate commonly known as 28 East 200 North, Franklin, IN 46131 (the "Real Estate").

8. On May 20, 2026, the Trustee filed a *Complaint to Foreclose Judgment Lien* in the Johnson Superior Court, Cause No. 41D02-2605-MF-000099 (the "State Court Lawsuit"), seeking to foreclose the judgment lien on the Real Estate. The State Court Lawsuit remains pending.

9. Following good faith negotiations and in the interest of avoiding the cost and uncertainty of further litigation, the Trustee and Clanan desire to compromise and settle any and all claims solely related to the Judgment on the terms set forth below..

## III. SETTLEMENT

10. The Trustee and Clanan have engaged in settlement discussion regarding satisfaction of the Judgment, resulting in the proposed settlement terms embodied in the *Settlement Agreement and Mutual Release* (the "Settlement Agreement") attached to this motion as **Exhibit 1**:

11. The pertinent terms of the Settlement Agreement are as follows:

(a) In full and final settlement of the State Court Lawsuit and in satisfaction of the Judgment, Clanan shall pay the Trustee the sum of $30,000.00 (the "Settlement Payment") within 30 days after Bankruptcy Court Approval.

(b) The Trustee and Clanan, together with counsel for mortgage holder Freedom Mortgage Corporation, shall execute an Agreed Judgment and Decree of Foreclosure foreclosing the Judgment lien on the Real Estate. The Trustee will only submit the Agreed Judgment and Decree of Foreclosure in the State Court Lawsuit upon Clanan's failure to timely make the Settlement Payment in full.

(c) The Settlement Agreement provides for certain mutual releases by the parties.

(d) Within fourteen (14) days after the Trustee's timely receipt of the Settlement Payment in full, the Trustee and Clanan will file a stipulation of dismissal of the State Court Lawsuit and the Trustee will file a satisfaction of the Judgment in the Adversary Case.

(e) In the event Clanan fails to timely make the Settlement Payment in full, the Trustee shall be immediately entitled to enforce her rights and remedies under the Settlement Agreement, the Bankruptcy Code, and Indiana law, including without limitation submitting the Agreed Judgment and Decree of Foreclosure in the State Court Lawsuit, all without further notice to Clanan.

## IV. RELIEF REQUESTED

12. The Trustee requests entry of an order, substantially in the form attached as **Exhibit 2**, (a) approving the terms of the Settlement Agreement, and (b) authorizing the Trustee to enter into the Settlement Agreement.

## V. GROUNDS FOR GRANTING RELIEF

13. A court may authorize a trustee to enter into a settlement so long as it is a sound exercise of the trustee's business judgment. *See* 11 U.S.C. § 363(b); *In re UAL Corp.*, 443 F.3d 565, 571 (7th Cir. 2006) (use under section 363 of the Bankruptcy Code must "[make] good business sense"); *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991) (section 363 involves exercise of fiduciary duties and requires an "articulated business justification"); *see also In re Olde Prairie Block Owners, LLC*, 448 B.R. 482, 492 (Bankr. N.D. Ill. 2011) (same). Moreover,

when applying the "business judgment" standard to a use of estate property under section 363 of the Bankruptcy Code, a trustee's judgment is "entitled to great judicial deference as long as a sound business reason is given." *See In re Efoora, Inc.*, 472 B.R. 481, 488 (Bankr. N.D. Ill. 2012).

14. Similarly, Bankruptcy Rule 9019(a) permits a bankruptcy court to approve a trustee's "compromise or settlement" after notice and a hearing, if such settlement is "fair and equitable . . . and in the best interests of the bankruptcy estate." *Depoister v. Mary M. Holloway Found.*, 36 F.3d 582, 586 (7th Cir. 1994); *see also In re Energy Co-op., Inc.*, 886 F.2d 921, 927 (7th Cir. 1989) ("The benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interest of the estate."); *In re Smith*, No 02-16450-JKC-7A, 2008 Bankr. LEXIS 2821, *6 (Bankr. S.D. Ind. Sept. 10, 2008) (same). Settlements should be approved unless "the settlement 'falls below the lowest point in the range of reasonableness.'" *In re Commercial Loan Corp.*, 316 B.R. 690, 698 (Bankr. N.D. Ill. 2004) (quoting *Energy Co-op.*, 886 F.2d at 929); *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007); *see also In re Artra Grp., Inc.*, 300 B.R. 699, 702 (Bankr. N.D. Ill. 2003). Settlements and compromises are favored in bankruptcy because they expedite case administration and reduce unnecessary administrative costs. *Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000). In determining whether a compromise is in the best interests of the estate, the Court must compare "the settlement's terms with the litigation's probable costs and probable benefits." *In re Am. Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987); *see also Doctors Hosp.*, 474 F.3d at 426 ("Among the factors the court considers are the litigation's probability of success, complexity, expense, inconvenience, and delay, including the possibility that disapproving the settlement will cause wasting of assets." (internal quotation marks and citations omitted); *Commercial Loan*,

316 B.R. at 697 (holding that relevant factors a bankruptcy court should consider in approving a settlement include "the litigation's probability of success, its complexity, and its 'attendant expense, inconvenience and delay'." (quoting *Am. Reserve Corp.*, 841 F.2d at 161)).

15. The Trustee has determined, in the exercise of her sound business judgment, that the Settlement Agreement is fair, equitable, in the best interest of the bankruptcy estate, and within the range of reasonableness for approval under Bankruptcy Rule 9019(a). It will promptly provide a significant, lump sum payment to the Estate while avoiding the time, expense, and risks that would be incurred in prosecuting the State Court Lawsuit and attempting have the Real Estate sold at a sheriff's sale (subject to the prior lien of Freedom Mortgage Corporation) Accordingly, the Trustee submits that the Court should approve the settlement terms and the Trustee's entry into the Settlement Agreement.

## VI. NOTICE

16. A copy of this motion, along with the attached exhibits, will be sent to the following: (a) the United States Trustee; (b) the Debtor; and (c) those parties who have requested notice pursuant to Bankruptcy Rule 2002. The Trustee will file a separate objection notice for this motion. In accordance with Bankruptcy Rules 2002(a)(3), Bankruptcy Rule 9019(a), S.D.Ind. B-9019-1(a), and S.D.Ind. B-2002-1(d), such notice will be provided to the United States Trustee, the Debtor, Clanan, those parties who have requested notice pursuant to Bankruptcy Rule 2002, and creditors who have filed claims.

**WHEREFORE**, the Trustee respectfully requests entry of an order, substantially in the form attached as **Exhibit 2**, granting the relief requested herein and granting the Trustee all other just and proper relief.

Respectfully submitted,

RUBIN & LEVIN, P.C.

Dated: August 21, 2026

*/s/ Matthew T. Barr*
Matthew T. Barr

Matthew T. Barr, Esq.
135 N. Pennsylvania Street, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 634-0300
Facsimile: (317) 263-9410
Email: mbarr@rubin-levin.net

*Counsel for Joanne B. Friedmeyer, Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2026 a copy of the foregoing *Trustee's Motion to Compromise and Settle Enforcement of Judgment Entered Against Raymond W. Clanan in the Avoidance Action* was filed electronically. Notice of this filing will be sent to parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Joanne B. Friedmeyer trustee@friedmeyerlaw.com, jbf@trustesolutions.net
Jennifer M Hess jen.hess@hhdlegal.com, steph51950@aol.com
U.S. Trustee ustpregion10.in.ecf@usdoj.gov
James T Young james@rubin-levin.net, lking@rubin-levin.net
Mark S Zuckerberg filings@mszlaw.com, s.mr72948@notify.bestcase.com

I further certify that on August 21, 2026, a copy of the foregoing *Trustee's Motion to Compromise and Settle Enforcement of Judgment Entered Against Raymond W. Clanan in the Avoidance Action* was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

Jonathan Nixon
7609 Jamie Renee Ln
North Richland Hills, TX 76182

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas 75001

Apex Software Services, LLC
- Imran Kahn
3136 W Jerome St
Chicago, IL 60645

Raymond Clanan
18211 Pennsy Way
Westfield, IN 46074

Matthew Mahan
9302 Nora Lane
Indianapolis, IN 46240

Novatech
c/o Rachel Suzon Bir
10401 N Meridian St
Suite 450
Indianapolis, IN 46290

*/s/ Matthew T. Barr*
Matthew T. Barr